UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-01859-AH-(MARx) | Date | May 26, 2026 |
| Title | *Davit Arakelyan v. United Financial Casualty Company et al.* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER REMANDING CASE [15]  [JS-6]**

On May 7, 2026, the Court ordered Defendant United Financial Casualty Company ("Defendant") to show cause why this action should not be remanded for lack of subject matter jurisdiction. Dkt. No. 13. On May 14, 2026, Defendant filed a Response. Resp., Dkt. No. 14. Plaintiff Davit Arakelyan ("Plaintiff") did not file a response but subsequently filed a motion to remand on May 22, 2026. Dkt. No. 15.

The Court having considered Defendant's Response and relevant law, **REMANDS** the case for the reasons explained below.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "a federal court always has jurisdiction to determine its own jurisdiction." *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1153 (9th Cir. 2022). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* at §§ 1331, 1332(a). Here, the parties appear to be citizens of diverse

states.  Thus, the Court analyzes only whether the amount in controversy exceeds the $75,000 threshold.

"Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (internal quotation marks and citation omitted).  A removing defendant bears the burden "to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and must "make this showing with summary-judgment-type evidence." *Id.* at 795 (citation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted).

Defendant offers no evidence demonstrating the amount in controversy exceeds $75,000.  Instead, Defendant relies on a nonbinding district court case, *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005 (E.D. Cal. 2011), and other unspecified "case law" to argue "it is more likely than not that Plaintiff's claims exceed the $75,000 minimum for diversity jurisdiction."  Resp. at 2.  In *Campbell*, the plaintiff brought an insurance bad faith action, arguing her insurer failed to reasonably and adequately investigate and evaluate her claim before denying her benefits.  *Campbell*, 825 F. Supp. 2d at 1006.  There, the plaintiff pled specific damages, at minimum, of $60,000, including $10,000 for the face value of the policy and $50,000 for damages for her bad faith claim.  *Id.* at 1008.  The focus of the district court's inquiry in *Campbell* was whether the sum of punitive damages and attorney's fees exceeded $15,000, which would bring the plaintiff's total damages above the $75,000 threshold.  *Id.*

By contrast, here, Plaintiff does not specifically allege any amount of damages, including even the contract amount of his insurance policy.  *See generally* Compl., Dkt. No. 1-1.  Nor does Defendant allege any facts or offer evidence supporting any amount of damages, or attorney's fees.  "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

"When the punitive damages are unspecified, courts may look to jury verdicts in cases with analogous facts." *Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1027 (C.D. Cal. 2023).  Plaintiff cites only one case awarding punitive damages for similar causes of action, *Filippo Industries, Inc. v. Sun Insurance Co.*, 74 Cal. App. 4th 1429 (1999), where the jury awarded $5,725,000 in damages, including $750,000 in punitive damages.  The facts underlying *Filippo* are dramatically different from the case here.  *Filippo* arose out of claims related to the plaintiff's open marine cargo insurance, which covered its shipment of imported good from abroad to the United States.  *Filippo*, 74 Cal. App. 4th at 1432-33.  The plaintiff alleged that it filed a formal claim with its insurance company for a loss of $1.5 million.  *Id.* at 1434.  The insurer in *Filippo* waited six months to deny full coverage for the loss, providing no explanation for the delay, and the plaintiff went out of business several months later.  *Id.* at 1435.  Plaintiff's Complaint and Defendant's Notice of Removal and Response here is devoid of any similar allegations, nor does Defendant explain why the facts at issue here could warrant a similar award of punitive damages as found in *Filippo*.

The Court finds that Defendant has not met its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  Accordingly, the Court **REMANDS** this case to the Los Angeles Superior Court, case number 25VECV04492.  All dates are vacated, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**